IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10068
Conference Calendar

_____

DAVID ALAN DOUGHERTY,

Plaintiff-Appellant,

versus

ROBERT LAVATO; DEPUTY PEVENHOUSE;
DEPUTY RODEN; JOHN DOE; DEPUTY
LANNING,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-197
- - - - - - - - - -
August 18, 1998

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

David Alan Dougherty, Oklahoma prisoner # 170553, appeals

the district court's dismissal of his 42 U.S.C. § 1983 complaint

for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42

U.S.C. § 1997e(c).  Dougherty argues that the district court

applied the wrong legal standard in determining whether his

injuries were de minimis, because he was an "arrestee" at the

time of the incident.

_____

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Dougherty, who had been in jail for more than three months before the incident allegedly occurred, was no longer an "arrestee." Brothers v. Klevenhagen, 28 F.3d 452, 455-56 (5th Cir. 1994). The district court therefore did not err in applying the excessive force standard established in Hudson v. McMillian, 503 U.S. 1, 6 (1992). Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993) (Hudson's test for excessive force under the Eighth Amendment applies to pretrial detainee's excessive force claim under the Due Process Clause).

Dougherty also argues that the district court did not address his claim for psychological injuries. Dougherty is mistaken. The district court specifically held that under 42 U.S.C. § 1997e(e) and Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997), Dougherty's bruise and two small cuts did not amount to a "physical injury" so as to support a claim for mental or emotional suffering under § 1997e(e).

AFFIRMED.